UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

     v.                                                                   **Crim. No. 06-335 (TFH/JMF)**

**JAMES WHITE,**

     **Defendant.**

### REPORT AND RECOMMENDATION

On May 17, 2005, the United States District Court for the District of South Carolina sentenced the defendant to time served to be followed by three years of supervised release, upon his conviction, by plea of guilty, to one count of uttering counterfeit obligations and securities.

The defendant's supervised release term commenced on May 17, 2005, and will expire on May 16, 2008. Supervision has been transferred to this Court.

On January 18, 2008, the Circuit Court for Prince George's County sentenced defendant to one-year imprisonment with all but two days suspended upon his conviction for possession of marijuana. That court also imposed a one year term of supervised probation. The defendant has admitted to Rodney Carter, his probation officer, that he sold the marijuana that he pled guilty to possessing.

At the hearing held on January 31, 2008, the government, conceding that it did not seek a prison term, nevertheless asked that the defendant be compelled to spend a period of time in community confinement.

The defendant contends that, although he was convicted of a new crime while on supervised release, his compliance with the other conditions of supervised release has been exemplary. He successfully completed a 60 day period of home confinement and a plan of inpatient substance abuse treatment. His urinalyses have been negative for nearly two years and he reports, when required, to his probation officer.

Additionally, defendant has been employed for the past two years at the Washington Convention Center and his employers have provided me with a letter attesting to the excellence of his work. The defendant has lived with his girlfriend for a substantial period of time. He has a child by a prior relationship and he supports that child.

In my view, a careful balancing of the appropriate considerations suggests that an appropriate sentence would acknowledge Mr. White's success while on supervised release while punishing him for its most obvious violation—his new conviction. His proposal, that he be sentenced to two days already served and that his supervised release term be permitted to expire in May without further action, does not realistically accommodate the interest in retribution that can only be advanced by some form of punishment.

On the other hand, his employment, support of his child, abstinence from drug use and otherwise perfect compliance with the terms of his supervised release require that the punishment be no greater than necessary. Accordingly, I recommend that the Court revoke the defendant's present term of supervised release and sentence the defendant to the two days incarceration with credit for the time he served in Prince George's County. As Mr. Carter points out, some period of imprisonment must be imposed before the Court

can impose a new term of supervised release. I also recommend that a new term of supervised release be imposed for a period of not less than one year, during which defendant will have to serve no less than 60 days in community confinement, such as the Sanctions Center. Finally, I recommend that drug testing and drug aftercare be a condition of that new term of supervised release.

In my view, this combination of deprivation of liberty without incarceration in a jail setting serves the interests of retribution but nevertheless permits the defendant to maintain his employment and fulfill his obligation to support his child.

_____/s/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: February 1, 2008

.